**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HOMEWERKS WORLDWIDE, LLC** | |
| Plaintiff, | Civil Action No.: |
| v. | |
| **BROAN-NUTONE LLC** | |
| Defendant. | Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Homewerks Worldwide, LLC ("Homewerks"), by and through its attorneys, for its Complaint against Defendant, Broan-NuTone LLC ("Broan"), hereby demands a jury trial and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, to enjoin infringement and obtain damages resulting from Broan's infringement of one or more claims of United States Patent No. 8,763,750 ("the '750 Patent"), based on activities at least related to Broan's audio equipped fan assembly products, including but not limited to Broan's Sensonic™ Speaker Fan products having model number SPK110 (collectively, "SPK110 Speaker Fan"). Homewerks seeks injunctive relief to prevent Broan from continuing to infringe the '750 Patent. In addition, Homewerks seeks a recovery of monetary damages resulting from Broan's infringement of the '750 Patent.

2. Homewerks also owns pending patent applications related to the '750 Patent. Homewerks may seek leave to add one or more additional patents to this action that issue from these patent applications.

## THE PARTIES

3. Plaintiff Homewerks is a Delaware corporation having its principal place of business within this judicial district at 500 Bond Street Lincolnshire, Illinois, 60069.

4. Upon information and belief, Defendant Broan is a corporation organized and existing under the laws of the State of Wisconsin, with a place of business at 926 W. State Street, Hartford, WI 53027.

## JURISDICTION AND VENUE

5. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

6. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds US$75,000, exclusive of interest and costs.

7. Upon information and belief, this Court has personal jurisdiction over Broan because Broan's products, including but not limited to the SPK110 Speaker Fan, have been and are sold in, distributed to and/or shipped into this judicial district, and because Broan has done and is doing business in this judicial district. In addition, upon information and belief, Broan has knowingly and intentionally placed its products, including but not limited to the SPK110 Speaker Fan, into the stream of commerce through established distribution channels expecting them to be shipped into and purchased by customers in this judicial district. Furthermore, upon information and belief, Broan has committed acts of direct patent infringement, inducement of patent

infringement, and/or contributory patent infringement of one or more of the claims of the '750 Patent in this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Upon information and belief, Broan is doing business in this judicial district, and wrongful acts of patent infringement committed by Broan have occurred in, and are causing injury to Homewerks in, this judicial district.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,763,750

9. Homewerks incorporates by reference the allegations set forth in paragraphs 1 through 8 as though fully set forth herein.

10. On July 1, 2014, the United States Patent and Trademark Office duly and legally issued the '750 Patent. The '750 Patent is titled "Audio Equipped Fan." The inventors of the '750 Patent are Peter D. Berkman, Ruilin Zhang, Jeffrey Jon Pischke, and Michael Malaker, all of which have assigned their entire right, title, and interest to the '750 Patent to Homewerks, including but not limited to all rights to recover for all infringements thereof. Accordingly, Homewerks solely owns the '750 Patent by assignment. A true and correct copy of the '750 Patent is attached as Exhibit A.

11. Homewerks has given notices of its patent rights in accordance with 35 U.S.C. § 287(a), including but not limited to the marking of products sold by Homewerks under the '750 Patent to the extent required by the law.

12. On information and belief and at least since the filing of this Complaint, Broan has been knowingly, intentionally and deliberately infringing and continues to infringe the '750 Patent by making, having made, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products, methods, processes, services, and/or systems that are

covered by one or more valid claims of the '750 Patent, including but not limited to activities related to Broan's SPK110 Speaker Fan sold through, *inter alia*, Broan's network of distributors.

13. On information and belief, Broan has been inducing infringement and continues to induce infringement of the '750 Patent in violation of 35 U.S.C. § 271(b) by acts that include, but are not limited to, providing Broan's distributors, agents, sales agents, representatives, and/or contractors with systems, equipment, and literature, including but not limited to Broan's SPK110 Speaker Fan and accompanying installation guide.

14. On information and belief, Broan has also been inducing infringement and continues to induce infringement of the '750 Patent by supplying to its customers infringing systems, components, and literature, including, but not limited to, Broan's Sensonic™ Speaker with Model No. SPKACC and accompanying installation guide. Broan's customers who purchase and operate such systems and components thereof in accordance with Broan's instructions directly infringe one or more valid claims of the '750 Patent.

15. On information and belief, Broan has contributorily infringed and continues to contributorily infringe the '750 Patent in violation of 35 U.S.C. § 271(c) by selling and/or offering to sell, within this judicial district and elsewhere in the United States, Broan's Sensonic™ Speaker Accessory products having model number SPKACC (collectively, "SPKACC Speaker Accessory"), which constitutes at least a component of a patented machine, manufacture, combination or composition, constituting at least a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '750 Patent, such products not constituting a staple article or commodity of commerce suitable for substantial non infringing use.

16. On information and belief, Broan has had knowledge of the '750 Patent, at least as evidenced by Homewerks giving notices of its patent rights including but not limited to as set forth in Paragraph 11 *supra* and also as evidenced by Homewerks featuring "patent pending" on its audio equipped fan products. Accordingly, on information and belief, Broan has had a specific intent to cause infringement of the '750 Patent, at a minimum, since the period going forward from the receipt by Broan of the present Complaint.

17. On information and belief, and with knowledge of the '750 Patent, Broan induces its distributors, agents, sales agents, representatives, and/or contractors to make, having made, use, offer to sell, and/or sell in the United States, and/or import into the United States some or all of the components of one or more claims of the '750 Patent.

18. Homewerks is and will continue to be damaged by Broan's infringement.

19. Furthermore, Broan's acts of infringement have been without express or implied license by Homewerks, are in violation of Homewerks' rights, and will continue unless enjoined by this Court.

20. Homewerks has been and will continue to be irreparably harmed by Broan's infringement of the '750 Patent.

21. Upon information and belief, Broan's acts of infringement have been or will be undertaken with knowledge of the '750 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and entitle Homewerks to enhanced damages and reasonable attorneys' fees.

## JURY DEMAND

22. Trial by jury is hereby demanded.

## RELIEF SOUGHT

**WHEREFORE,** Homewerks prays:

5

A.     For this Court to adjudge and decree that Broan has infringed the '750 Patent;

B.     For injunctive relief against further infringement of the '750 Patent by Broan, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any one or more of them;

C.     For an award of damages to compensate Homewerks for the infringement of the '750 Patent, together with pre-judgment and post-judgment interest;

D.     For an award of enhanced damages up to three times the amount found or assessed based on Broan's willful infringement, pursuant to 35 U.S.C. §284;

E.     For this Court to declare this case exceptional and direct Broan to pay Homewerks' attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

F.     That Homewerks be awarded its fees and costs; and

G.     For all such other and further relief as this Court deems just and proper.

Dated: February 2, 2015                  Respectfully submitted,

By: /s/ Richard S. Stockton
Christopher J. Renk (IL Bar No. 6199012)
Binal J. Patel (IL Bar No. 6237843)
Richard S. Stockton (IL Bar No. 6273109)
Azuka C. Dike (IL Bar No. 6303185)
BANNER & WITCOFF, LTD.
10 South Wacker Drive – Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
*crenk@bannerwitcoff.com*
*bppatel@bannerwitcoff.com*
*rstockton@bannerwitcoff.com*
*adike@bannerwitcoff.com*

**Attorneys for Plaintiff
Homewerks Worldwide, LLC**